# MATHIS,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent.*

(No. 79-AB-666, CA   15463)

610 P2d 838

Ken Walker, Certified Law Student, Eugene, argued the cause for petitioner. With him on the brief were Diane DePaolis, and Lane County Legal Aid Service, Eugene.

James C. Rhodes, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Petitioner appeals from a decision of the Employment Appeals Board (EAB) which found him disqualified for unemployment compensation due to misconduct. ORS 657.176(2)(a). Petitioner contends that his actions did not constitute misconduct within the meaning of OAR 471-30-038(3).[1]

The administrator's and referee's decisions both denied the claim on the basis that claimant had voluntarily left work without good cause. ORS 657.176(2)(c). EAB took a quite different view:

"*FINDINGS OF FACT:*

"1. The Claimant worked for the above employer from June 4, 1975 until May 1, 1979.

"2. He was a motor home assembly worker and was paid on a piece work basis.

"3. On May 1, 1979, the Claimant was assigned work to perform a particular job.

"4. The piece rate for this job was $8.00.

"5. The Claimant felt that the job would take too long to complete so that $8.00 piece rate would reduce his hourly wage to a figure not acceptable to him.

"6. Other employees had performed this job at that piece rate.

"7. The Claimant was told that if he did not perform that assignment, he would be terminated.

"8. Claimant continued to refuse to work on that job and was discharged.

"*CONCLUSIONS AND REASONS:*

"We agree with the referee that the Claimant is subject to a disqualification. We find, however, that

---

[1]

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

he was discharged for misconduct in connection with his work.

"In the referee's two sentence conclusion, he did not appear to follow the directions of the Supreme Court of the State of Oregon as set out in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979), and the Oregon Court of Appeals as set out in *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979) as there is no mention or any indication that OAR 471-30-038 was applied.

"That Administrative Rule provides that misconduct is a violation of the standards of behavior which an employer has a right to expect of an employee. Even though the referee appears to have ignored that rule, we now apply that rule to the facts in this case. The Claimant's refusal to work as assigned constitutes a wanton and wilful disregard of the employer's interest. *It is within the employer's prerogative to determine the wage rate to be paid for particular work performed and to assign employees to particular jobs.* The assignment of the Claimant in this situation was not unreasonable. The Claimant's refusal to work was unreasonable. A disqualification from benefits is therefore appropriate." (Emphasis added.)

Petitioner contends that findings 6 and 8 are not supported by substantial evidence. While 8 is obviously supported (else this case would not be here), the same cannot be said of 6. The only witness before the referee was the claimant. He was unrepresented, as were the division and the employer. His testimony is virtually incomprehensible. The questions put by the referee elicited long, rambling, largely unresponsive, contradictory and confusing responses. Anyone would be hard put to draw from them any sensible statement of the facts. Nevertheless, there is nothing in the transcript that would fairly support a conclusion that "Other employ*ees* had performed this job at that piece work rate." The most the record shows is that a single temporary, part-time employee *may* (or *may not*) have done the work at that rate and another employee said he would do so but was not asked to.

[40]

Even though finding of fact 6 is not supported by the evidence, it does not necessarily follow that EAB was wrong in finding claimant disqualified, for that finding does not seem to have been crucial for its conclusion.

The emphasized portion of the order quoted above makes evident that the EAB has misapplied OAR 471-30-038(3). An employer has no right to expect as a standard of employment that employees must passively accede to changes in the remuneration for tasks performed. By unilaterally attempting to change the wage rate for claimant's employment and by insisting that petitioner be fired for refusal to work at the new rate, the employer in effect was terminating petitioner's existing employment contract and making a new offer of employment. Plaintiff refused that offer on the ground that it involved a substantial reduction in pay. That refusal was not "misconduct" under the rule.

The legal issue was the one the referee spoke to: Did the claimant have "good cause" to refuse to work for the pay offered? We remand the matter to EAB for a determination of that issue. We do not mean to suggest any particular conclusion of fact or law is compelled by the record, except that finding of fact 6 is not supported by the record.

Order set aside and remanded.